JOHN H. CLARK vs. INHABITANTS OF LEBANON.

*Defective highway. Proximate cause. Misconduct of jury.*

When a horse, through fright at the striking of the carriage to which he is attached against an obstruction in the highway, becomes uncontrollable, runs away and injures the driver by throwing him out, the defect in the highway is the proximate cause of the injury.

The misconduct of jurors, when the parties to the suit are not in fault, is no ground for a new trial, unless it is probable that the party asking for it has been prejudiced by the irregularity.

ON EXCEPTIONS and MOTION FOR A NEW TRIAL.

CASE, for injuries occasioned by defective highway. While riding in the defendant town, the plaintiff's wagon struck against some "raised logs" in the travelled part of the road, on account of which his horse became uncontrollable, ran an hundred and twenty-five feet or more, when plaintiff was thrown out and injured.

There was evidence tending to show that the horse, after running the distance mentioned above, turned back; but the plaintiff's unconsciousness, occasioned by the accident, rendered him unable to recollect whether he was thrown out before or after the wagon turned.

The defendants' counsel requested the presiding justice to instruct the jury that "if the horse became uncontrollable, and in that condition turned and ran back, and, being so uncontrolled, threw the plaintiff out while turning back, the plaintiff could not

recover." The judge, however, instructed them that if. there was a defect and want of repair in the road, of which the town had reasonable notice, and the plaintiff was in the use of common and ordinary care, with a suitable team, and his horse, without his fault, by reason only of coming upon such defect within the limits of the actual travelled way, became frightened and uncontrollable, and in such condition, without the power of the driver to stop him, or direct his course or movements, ran away, and the plaintiff was, by reason of such fright and running, thrown out and injured, he can recover. The verdict was for the plaintiff for $900. To this ruling, and the refusal to instruct, the defendants excepted.

Testimony was introduced concerning the width of wagon wheels, and, at a recess during the trial, some of the jurors measured the width of the wheels of a wagon standing in the court house yard. The defendants moved for a new trial, on account of this alleged misconduct of the jury.

*George C. Yeaton,* for the defendant, cited, in support of the exceptions, *Titus* v. *Northbridge,* 97 Mass., 265; *Cook* v. *Charlestown,* 98 Mass., 80; *Babson* v. *Rockport,* 101 Mass., 93; *Sanford* v. *Moulton,* 51 Maine, 127. And, in support of the motion, cited *Benson* v. *Fish,* 6 Maine, 141; *Whitney* v. *Whitman,* 5 Mass., 405; *Sargent* v. *Roberts,* 1 Pick., 337; *Hix* v. *Drury,* 5 Pick., 302; *Merrill* v. *Nary,* 10 Allen, 416; *Sheaff* v. *Gray,* 2 Yeates, 275; *Heffron* v. *Gallupe,* 55 Maine, 563; *Tyrrell* v. *Bristow,* Alc. and Nap., 398; *Peacham* v. *Carter,* 21 Vt., 515; *Sam* v. *State,* 1 Swan, 61; *Brunson* v. *Graham,* 2 Yeates, 166; *Farrar* v. *Ohio,* 2 Ohio St. R., 54; *State* v. *Smith,* 6 R. I., 33; *Deacon* v. *Shrieve,* 2 Zab., 176; Hilliard on New Trials, c. 10, § 19.

*Ira T. Drew,* for the plaintiff.

WALTON, J. The defendants contend that if a horse through fright becomes uncontrollable, and while in that condition runs

Clark *v.* Lebanon.

away and throws the driver out and injures him, he cannot recover damages of the town, although a defect in the road was the sole cause of the fright. They insist that in such a case the defect is not the proximate cause of the injury; that the fright, loss of control and running away of the horse are intervening causes which crowd the defect back into *causa remota.* We think not. We think that in such a case the defect must be regarded as the true proximate cause of the injury. *Willey* v. *Belfast,* 61 Maine, 569. In *Marble* v. *Worcester,* 4 Gray, 395, where a horse was frightened and became uncontrollable by the sleigh pitching into a hole in the road, and after running a distance of fifty rods, run against and knocked down a stranger and injured him, it was held by a majority of the court that inasmuch as the person injured had no connection with the team, being neither owner, rider, nor driver, and was at a considerable distance from the defect when struck by the horse, he could not recover damages of the city. But it was conceded that if the driver, or one riding in the sleigh, had been thrown out and injured, he could recover. "If the young man in the sleigh," said Judge Thomas, "had been carried fifty rods, and then thrown out and injured, no question of the liability of the city could have been raised."

Another ground, on which the defendants claim a new trial, is the alleged misconduct of the jury in measuring the distance between the wheels of a wagon, after evidence had been introduced at the trial, as to the width of wagons. It is insisted that this was such misconduct as ought to give the defendants a new trial. We think not. The proceeding, though not, perhaps, strictly proper, seems to us to have been a very harmless one. There is no pretense that the wagon measured was the one in which the plaintiff was riding at the time of the accident; and of course the jurors would understand that wagons differ in width. The misconduct of juries, where the parties to the suit are not in fault, is no ground for granting a new trial, unless it is probable that the party asking for it has been prejudiced by the irregularity.

There is no evidence of prejudice to the defendants in this case, and we think it is not a case where prejudice is to be presumed.

*Motion and exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.