WILLARD E. LANGWORTHY v. THE TOWNSHIP OF ·GREEN.

[See 88 Mich. 207.]

*Negligence—Defecting highway—Evidence—Credibility of witness.*

1. Plaintiff was thrown from his wagon, and injured, by the front wheel striking a log partially imbedded in the traveled portion

of the highway. The testimony tended to show that his horses shied at some object in the road or in an adjoining field, but not that they were running away, or that plaintiff had lost control of them. And it is held that it cannot be said as matter of law that the mere shying of the horses, and not the collision with the log, was the proximate cause of the injury.

2. Where in a negligence case the evidence tends to show that plaintiff's leg, which was broken by the accident, is shriveled or withered, he may exhibit it to the jury as evidence of its present condition.[1]

3. Where a witness who testified in favor of the plaintiff in a negligence case on the first trial, as to the location and height of a log in the highway which caused the accident complained of, is called by the defendant on the second trial, and varies his testimony materially from that given on the former trial, he may be asked on cross-examination the reason for such change, and may be inquired of as to a conversation had before the second trial. in which he gave certain reasons for proposing to make such change, and, if he denies giving such reasons, the other party to the conversation may testify to the entire conversation for the purpose of discrediting the witness; citing *Electric Light Co. v. Grant,* 90 Mich. 469.

Error to Mecosta. (Palmer, J.) Argued January 20 and February 2, 1893. Decided March 10, 1893.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion, and in 88 Mich. 207.

*M. Brown,* for appellant.

*Dumon & Cogger,* for plaintiff.

McGRATH, J. Plaintiff sued to recover for injuries received by reason of a defective highway, and recovered judgment. The case was before us at the October term, 1891, and is reported in 88 Mich. 207.

A log was partially imbedded in the highway near the center of the traveled portion, and parallel with the highway. Three or four feet of the log was visible, and

---

[1] See *Graves v. City of Battle Creek, post,* for a consideration of the question of the power of the court to require the plaintiff to exhibit the injured member to the jury.

the top of the log at that end was from four to eighteen inches above the road-bed. Two other persons sat on the wagon seat with plaintiff. The front wheel struck the log, whereupon one end of the seat dropped into the wagon-box, and plaintiff was thrown out. There was testimony tending to show that the wagon seat was out of repair, or not properly fastened to the wagon-box, but that question was fairly submitted to the jury by the court.

Testimony was offered tending to show that the horses shied at some object in the road or in the adjoining field, and the court was requested to instruct the jury:

"If you find from the evidence in the case that the plaintiff's horses became frightened at some animal or object in William Davis' field, and on account of such fright the wagon in which the plaintiff was riding was drawn against the alleged obstruction in the road, and the plaintiff was thrown out and injured, as alleged, then the plaintiff cannot recover."

The court modified this request, and charged the jury as follows:

"If you believe from the evidence in this case that the alleged injury was occasioned, not by reason of want of repair or neglect to keep the highway in reasonable repair, and in condition reasonably safe and fit for public travel, but instead, on account of the plaintiff's horses having become frightened at some animal or other object in William Davis' field, the wagon in which the plaintiff was riding was drawn against the alleged obstruction in the road, and the plaintiff was thrown out and injured, then this plaintiff cannot recover."

Defendant was not entitled either to the instruction asked or to that given. There was no evidence tending to show that the horses were running away, or that plaintiff had lost control of them. In some of the states a rule has been adopted to the effect that where a horse takes affright at some object for which the municipality is not responsible, and runs away, or gets beyond the control of

the driver, and an injury is occasioned by a defect in the street, the municipality is not liable, as the defect is not the sole producing cause of the accident; but the same cases hold that a horse is not to be considered as beyond control that merely shies or starts, and for the moment has his own way. *Hinckley v. Somerset*, 145 Mass. 326 (14 N. E. Rep. 166); *Titus v. Northbridge*, 97 Id. 258; *Clark v. Lebanon*, 63 Me. 393; *Aldrich v. Gorham*, 77 Id. 287; *Houfe v. Fulton*, 29 Wis. 297. In Vermont, New Hampshire, Connecticut, New York, Missouri, Pennsylvania, Illinois, Maryland, and in Ontario, a different rule prevails, and it is held that, when an accident happens from a negligent defect in a highway, the fact that the horse was at the time uncontrollable or running away furnishes no defense to the action for the injury. *Allen v. Hancock*, 16 Vt. 230; *Winship v. Enfie'd*, 42 N. H. 197; *Baldwin v. Turnpike Co.*, 40 Conn. 238; *Ring v. Cohoes*, 77 N. Y. 83; *Hull v. City of Kansas*, 54 Mo. 601; *Hey v. Philadelphia*, 81 Penn. St. 44; *Pittsburgh v. Grier*, 22 Id. 54; *Sherwood v. Hamilton*, 37 U. C. Q. B. 410; *Bassett v. St. Joseph*, 53 Mo. 295; *Ci'y of Aurora v. Pulfer*, 56 Ill. 275; *Kennedy v. Commissioners*, 69 Md. 65. It is unnecessary in the present case to go to the extent of these latter holdings. It is not an uncommon thing for an ordinarily gentle horse to shy at some object, or in the nighttime at the shadow of an object; and it cannot be said as a matter of law that the mere shying of the horses, and not the collision with the obstruction in the highway, was the proximate cause of the injury.

The testimony tended to show that the broken limb was shriveled or withered, and error is assigned because plaintiff was permitted to exhibit the limb to the jury. The text-writers and decisions all agree that such exhibitions are not improper for the purpose of exposing a condition such as that endeavored to be shown here.

In *Mulhado v. Railroad Co.*, 30 N. Y. 370, a physician was called to describe an injury to the plaintiff's arm, and the arm was exhibited in the presence of the jury. The court say:

" Such exhibition certainly tended to make the description of the injury more intelligible, and it cannot be supposed that it could have had any undue influence upon the feelings or sympathies of the jury. As well might it be contended that a man who had lost an arm or a leg by a similar injury should not be permitted · to appear before a jury to testify in relation to it, lest thereby their feelings might be influenced, and, under the undue excitement created thereby, they might do injustice. We cannot assume that any such consequences will follow such a course of examination; and we cannot perceive that it was objectionable in the present instance."

Wharton says:

" Injury to the person may be proved by inspection. Thus, in an action to recover damages for an injury to a limb, the injured limb may be exhibited on the trial." Whart. Crim. Ev. § 312.

Mr. Best refers to this species of evidence as "immediate real evidence, where the thing which is the source of the evidence is present to the senses of the tribunal; " and declares it to be of all proof the most satisfying and convincing. Best, Ev. § 197. Mr. Taylor assigns to this class of evidence the highest rank. · 1 Tayl. Ev. § 554. Mr. Abbott says: " The injured member may be exhibited to the jury." Abb. Tr. Ev. 599. Mr. Thompson, in an article entitled "Trial by Inspection," collects many cases holding that such exhibitions are proper. 25 Cent. Law J. 3. Henry Wade Rogers, in an article entitled " Profert of the Person," discusses the subject, and collects many authorities to the same effect. 15 Cent. Law J. 2. See, also, *Railroad Co. v. Finlayson*, 16 Neb. 578 (20 N. W. Rep. 860); *Schroeder v. Railroad Co.*, 47 Iowa, 375;

*Barker v. Town of Perry,* 67 Id. 146 (25 N. W. Rep. 100); *State v. Wieners,* 66 Mo. 29; *Railway Co. v. Wood,* 113 Ind. 548 (14 N. E. Rep. 572); *Thurman v. Bertram,* 20 Alb. Law J. 151.

In *Carstens v. Hanselman,* 61 Mich. 426, a physician sued for services in treating a fractured limb, and the defense was improper treatment. Error was assigned because the court refused to allow the defendant to exhibit her injured limb to the jury. The Court say:

" The injury occurred several years before, and there was testimony concerning the correctness of the treatment, which necessarily involved medical questions, which no jury could be supposed to fully comprehend. It is not competent to allow juries to determine for themselves whether a physician's course has been proper or improper in the treatment of a fractured limb, and the court very properly refused to permit them to inspect it for that purpose. No inspection after an injury is healed, apart from some knowledge of the character of the injury and the method of treatment, could enable even a medical expert to decide upon the merits or demerits of the attending surgeon. A jury's guessing from such an inspection would be of no value whatever, and any needless exposure would have been, as the court below held, improper, if not indecent."

In the present case the fact to be demonstrated by the exhibition was whether or not the limb was withered or reduced or shriveled, and this fact did not depend upon opinion evidence, nor did it require scientific knowledge to pass upon that question.

A witness who had been called by plaintiff on a former trial, and who had testified as to the location and height of the log, was called by the defendant on the last trial, and testified upon the same subject. His testimony upon the last trial varied materially upon these subjects from that given upon the former trial. On cross-examination his attention to the variance was called, and he was asked why he had changed his testimony. He was then asked

if, in a conversation with one Brigham at a given time and place, he had not stated that he had made up his mind that plaintiff had got to be beaten on this trial, and denied that he had so stated. He was then asked if Brigham did not ask him in that conversation why he was going to change his testimony, and if he did not give as a reason for the change that other persons had been injured upon other highways in the township, and, if plaintiff recovered, the others would sue, and that plaintiff had got to be beaten. He denied having so said. Brigham was then called, and was allowed to give the whole conversation. The testimony was competent so far as it tended to show the bias of the witness, and for the purpose of discrediting him. *Swift Electric Light Co. v. Grant*, 90 Mich. 469. It was proper to go into what was said by the impeaching witness in that conversation so far as any part of it was necessary to a full understanding of what was said by the witness whom it was sought to impeach. For this purpose it was proper to give questions asked, as well as answers given, where the latter could only be fully understood in the light of the former. *Trischet v. Insurance Co.*, 14 Gray, 456. In response to a direction by the court to "state the conversation," the witness testified to certain statements made to him, and concluded by reciting certain statements made by himself, to which no reply was made. The concluding part of the statement of the witness should probably have been stricken out, but no objection to that end was made, and no objection was interposed to that part of the answer.

There are a number of other assignments of error, but they are so clearly disposed of by the former decisions of this Court that it is unnecessary to refer to them.

With the exception of the instance referred to,—and that was an error of which defendant cannot complain,—the

charge was full, clear, and explicit, and without error. The judgment is therefore affirmed.

The other Justices concurred.