JOHN C. BLEIL v. THE DETROIT STREET RAILWAY COMPANY.

*Negligence—Proximate cause.*

Where a horse is frightened by the falling of an object from an upper window in a building in front of which he is hitched, and he breaks away, and runs into a lot of iron rails piled in the street for use in rebuilding a street-railway track, and is injured, the *proximate* cause of the injury is the frightening and running away of the horse.[1]

Error to Wayne. (Hosmer, J.) Argued December 13, 1893. Decided December 22, 1893.

Negligence case. Defendant brings error. Reversed, and no new trial ordered. The facts are stated in the opinion.

*Sidney T. Miller* (*John C. Donnelly,* of counsel), for appellant.

*John G. Hawley,* for plaintiff.

GRANT, J. At the trial of this cause the facts were agreed upon, and are substantially as follows:

Plaintiff had securely and properly hitched his horse and vehicle in front of 212 Jefferson avenue, Detroit, and went

[1] See, as to proximate cause, *La Duke v. Township of Exeter,* 97 Mich. 450, and note.

into a store upon business. While he was in the store a window sash fell from an upper story of No. 212 onto the sidewalk, and frightened the horse so that he broke loose, and ran away down Jefferson avenue. While he was running, the buggy struck a truck, whereby the buggy was freed from the horse, leaving only the crossbar and whiffletree attached to him. Something more than two blocks from the starting point he ran into a lot of iron rails belonging to defendant, and lying on the pavement near the curb, having been piled in the usual manner, but liable to be thrown out of order by wagons passing over them. The rails were in a disordered condition, and the horse, running upon them, caught one leg in a V-shaped aperture, which was formed either by two rails or by one of the rails and the curb, fell, and broke his leg, so that he had to be killed.

Jefferson avenue is 100 feet wide from curb to curb, the rails occupying about 3 feet from the curb. They were placed there to be used in rebuilding the track on Jefferson avenue, which was then in the process of being accomplished. Nobody was in the buggy at the time. The rails had been there about four weeks. The construction of the track had not reached a point within two blocks of the place where they were lying. The right of the defendant on the street and to repair and build its track was admitted.

The defendant requested the court to instruct the jury to render a verdict for the defendant. This was refused, and the court left two questions for the jury: (1) Was the injury one which the defendant might have apprehended? and (2) was the defendant guilty of negligence in the use of the highway? The court instructed the jury that the fright of the horse was not the proximate cause of the injury, but that this and the negligence of the defendant, if there was negligence, might be considered as the com-

bination of circumstances which produced the result, and that the defendant was liable if it was negligent in depositing the rails upon the street.

We think the circuit court was in error. The proximate cause of the injury was the frightening and running away of the horse. Whether the defendant was guilty of negligence we need not determine. Ample room was left in the street for the passage of vehicles in the ordinary manner while under the control of their drivers. This is not a case where a horse merely shies or starts, and for the moment is not under control, which was the case in *Langworthy v. Township of Green*, 95 Mich. 93. The accident was not the natural and probable result of piling the rails in the street close to the curb, but of the fright of the horse. The proximate, and not the remote, cause controls in such cases in this State. *Beall v. Township of Athens*, 81 Mich. 536; *St. Clair Mineral Springs Co. v. City of St. Clair*, 96 Id. 463. This is also the rule in other states. *Moss v. City of Burlington*, 60 Iowa, 438; *Worrilow v. Upper Chichester Tp.*, 149 Penn. St. 40; *Kieffer v. Hummelstown Borough*, 151 Id. 304; *Perkins v. Fayette*, 68 Me. 152; *Fogg v. Nahant*, 106 Mass. 278. See, also, *Houfe v. Town of Fulton*, 29 Wis. 296, where the principle is discussed.

Judgment reversed, and no new trial ordered.

The other Justices concurred.