LAMBECK *v.* GRAND RAPIDS & INDIANA RAILROAD CO.

NEGLIGENCE—PROXIMATE CAUSE—HORSE BEYOND CONTROL OF DRIVER.

> Where a horse becomes frightened and beyond control, and runs away, and by reason thereof collides with an object in the highway, such fright is the proximate cause of an injury to the driver from the collision. Accordingly, where, in an action against a railroad company for injuries sustained in consequence of the collision of plaintiff's carriage with a freight car alleged to have been negligently permitted to encroach upon the highway, it appeared that plaintiff's horse had taken fright, and had run for a block or more, and that plaintiff saw the car, but was unable to prevent the horse from running the carriage against it, it was *held* that verdict was properly directed for defendant under the rule stated. McGRATH, C. J., dissenting.

Error to Kalamazoo; Buck, J. Submitted April 5, 1895. Decided October 1, 1895.

Case by Jeanette Lambeck against the Grand Rapids & Indiana Railroad Company for personal injuries. From a judgment for defendant upon verdict directed by the court, plaintiff brings error. Affirmed.

*Osborn, Mills & Master ( E. M. Irish,* of counsel), for appellant.

*T. J. O'Brien* and *J. H. Campbell ( Howard & Roos,* of counsel), for appellee.

HOOKER, J. If a horse becomes frightened and beyond control, and runs away, and by reason thereof collides with an object in the highway, such fright is the proximate cause of an injury to the driver, and the only proximate cause, in one case as much as another, whether it causes the horse to fall down an embankment, back off a bridge, attempt to jump over a train of cars entirely obstructing the highway, or run into and among a lot of

railway iron in the highway.   And, so far as the question of proximate cause is concerned, it is as true in a case where a horse becomes frightened without fault of the driver, and runs with a driver behind him, as where he breaks his halter and runs away by himself.   In all of these cases it may be said that the fright is one cause, without which the accident *might* not have happened, and that the presence of the object with which the collision occurs is another, without which it *could* not have happened.   And if the fright is the proximate, and the object the remote, cause in one of these cases, the conclusion is irresistible that it is in all of them.   There are authorities that hold that both are proximate, as they clearly are concurring, causes.   See *Grimes* v. *Railway Co.*, 3 Ind. App. 573; *No. Manchester Agr'l Ass'n* v. *Wilcox*, 4 Ind. App. 141; 16 Am. & Eng. Enc. Law, 436, 440, and cases cited.   But the decisions of this State are at variance with this doctrine.   *Beall* v. *Township of Athens*, 81 Mich. 536; *St. Clair Mineral Springs Co.* v. *City of St. Clair*, 96 Mich. 463; *Bleil* v. *Railway Co.*, 98 Mich. 228.

As the plaintiff's own testimony shows that her horse had run for a block or more, and that she saw the car standing in the highway, but could not keep him from running the carriage against it, we must find that he was beyond control, through fright, and that this alone, under the cases cited, was the proximate cause of the accident.

The judgment should therefore be affirmed.

LONG, GRANT, and MONTGOMERY, JJ., concurred with HOOKER, J.

McGRATH, C. J. (*dissenting*).   The court below seems to have considered this case as ruled by *Bleil* v. *Railway Co.*, 98 Mich. 228.   In that case the horse was at large.   In the class of cases cited in *Langworthy* v. *Township of Green*, 95 Mich. 93, which hold that a horse is not considered as beyond control that merely shies and starts, it was nevertheless, in each case, the shying of the

horse that brought the vehicle into contact with the defect or obstruction. But those cases are put upon the ground that highways are constructed with reference to just such probable occurrences; that travelers thereon are entitled to an opportunity to recover control of horses that may be startled suddenly; and the defect or obstruction which adds to the danger, and does not permit of an opportunity to regain control, is regarded as the proximate cause. It seems to me that the reason for the rule exists in any case where there was a probability of regaining control had it not been for the obstruction, and that is a question for the jury. In the present case, an ordinarily gentle horse, which plaintiff had frequently driven, was startled by the bite of a fly, and when the buggy collided with the obstruction plaintiff had the reins still in hand.

I think the judgment should be reversed, and a new trial awarded.