MURPHY *v.* MICHIGAN CENTRAL RAILROAD CO. [1]

NEGLIGENCE—ACCIDENT AT RAILROAD CROSSING—PROXIMATE CAUSE —HORSE BEYOND CONTROL OF DRIVER.

Plaintiff's intestate was driving along the highway in the direction of a railroad crossing, and had reached a point about 100 feet distant therefrom, when the thills became detached from the buggy upon one side, and dropped down, causing the horse to jump and run, and at the same time preventing the buggy from being drawn straight. The plank roadway at the crossing was but 14 feet in width, and the surface of the planks was lower than the top of the rails. On reaching the crossing, the wheels of the buggy came in contact with the projecting rails, and slid off the end of the planking, and the intestate

[1] Rehearing denied March 12, 1896.

was thrown out and killed. *Held,* that the improper planking of the crossing was not the proximate cause of the accident, and that the railroad company was not liable. *Lambeck* v. *Railroad Co.,* 106 Mich. 512, followed.

Error to Van Buren; Buck, J. Submitted November 6, 1895. Decided December 24, 1895.

Case by Thomas W. Murphy, administrator of the estate of Agnes Murphy, deceased, against the Michigan Central Railroad Company, to recover damages for the death of his intestate, alleged to have been caused by defendant's negligence. From a judgment for plaintiff, defendant brings error. Reversed.

*Edwards & Stewart (Ashley Pond* and *Henry Russel,* of counsel), for appellant:

The negligence imputed to the defendant was not the proximate cause of the death of plaintiff's intestate. 1 Shear. & R. Neg. § 26; *Conger* v. *Railroad Co.,* 86 Mich. 76; *Powers* v. *Lumber Co.,* 92 Mich. 533; *Lambeck* v. *Railroad Co.,* 106 Mich. 512; *Titus* v. *Northbridge,* 97 Mass. 265; *Fogg* v. *Nahant,* 98 Mass. 578; *Lynn Gas Co.* v. *Insurance Co.,* 158 Mass. 570; *Railway Co.* v. *Kellogg,* 94 U. S. 469, 475; *Jackson* v. *Bellevieu,* 30 Wis. 251; *Smith* v. *County Court Kanawha Co.,* 8 L. R. A. 82, and note (33 W. Va. 713); *McClain* v. *Garden Grove,* 83 Iowa, 235 (12 L. R. A. 482). There could, therefore, be no recovery in this case, even if such negligence were established (*Lewis* v. *Railway Co.,* 54 Mich. 55); it being immaterial whether the proximate cause, if not attributable to the negligence of the defendant, was or was not the result of the decedent's negligence (*Beall* v. *Township of Athens,* 81 Mich. 536; *Mineral Springs Co.* v. *City of St. Clair,* 96 Mich. 463; *Bleil* v. *Railway Co.,* 98 Mich. 228).

*L. A. Tabor,* for appellee:

Where two causes combine to produce an injury, both of which are proximate in their character, the one being the result of culpable negligence, and the other an occurrence as to which neither party is at fault, the negligent party is liable, provided the injury would not have been sustained

but for such negligence; and since it cannot be said, as a matter of law, that plaintiff's intestate would have been killed in the absence of any negligence on the part of the defendant with respect to the maintenance of this crossing, it was properly left to the jury to say whether such negligence was the proximate cause of her death, especially so long as there was testimony tending to show that the horse was not beyond control up to the time the obstruction was reached. Cooley, Torts, 70; 1 Shear. & R. Neg. § 33; *Carver* v. *Plank Road Co.,* 69 Mich. 616; *Selleck* v. *Railway Co.,* 93 Mich. 375; *Langworthy* v. *Township of Green,* 95 Mich. 93, and cases cited at page 96; *Davis* v. *Dudley,* 4 Allen, 557; *McDonald* v. *Snelling,* 14 Allen, 290; *Palmer* v. *Andover,* 2 Cush. 600; *Powell* v. *Deveney,* 3 Cush. 300; *Bigelow* v. *Rutland,* 4 Cush. 247; *Howard* v. *North Bridgewater,* 16 Pick. 189; *Titcomb* v. *Railroad Co.,* 94 Mass. 254; *Babson* v. *Rockport,* 101 Mass. 93; *Southworth* v. *Railway Co.,* 105 Mass. 342; *Salisbury* v. *Herchenroder,* 106 Mass. 458; *Lane* v. *Atlantic Works,* 111 Mass. 140; *Hill* v. *Winsor,* 118 Mass. 251; *Cushing* v. *Bedford,* 125 Mass. 526; *Turnpike Co.* v. *Sears,* 7 Conn. 86; *Ward* v. *North Haven,* 43 Conn. 148; *Billman* v. *Railroad Co.,* 76 Ind. 176; *Crawfordsville* v. *Smith,* 79 Ind. 308; *Binford* v. *Johnston,* 82 Ind. 426; *Henry* v. *Dennis,* 93 Ind. 452; *Turnpike Co.* v. *Bateman,* 68 Md. 389; *Campbell* v. *Stillwater,* 32 Minn. 308; *City of Rockford* v. *Russell,* 9 Ill. App. 229; *Weick* v. *Lander,* 75 Ill. 93; *Township of Plymouth* v. *Graver,* 125 Pa. St. 24; *Woodward* v. *Aborn,* 35 Me. 271; *Willey* v. *Belfast,* 61 Me. 569; *Norris* v. *Litchfield,* 35 N. H. 271; *Clark* v. *Barrington,* 41 N. H. 44; *Tucker* v. *Henniker,* Id. 317; *Ricker* v. *Freeman,* 50 N. H. 420; *Dreher* v. *Fitchburg,* 22 Wis. 675; *Olson* v. *Chippewa Falls,* 71 Wis. 558; *Hyatt* v. *Rondout,* 44 Barb. 385; *Unger* v. *Railroad Co.,* 51 N. Y. 497; *Kennedy* v. *New York City,* 73 N. Y. 365; *Hunt* v. *Pownal,* 9 Vt. 411; *Kelsey* v. *Glover,* 15 Vt. 708; *Fletcher* v. *Barnet,* 43 Vt. 192; *Toms* v. *Whitby,* 35 U. C. Q. B. 195; *Davis* v. *Garrett,* 6 Bing. 716; *Dixon* v. *Bell,* 5 Maule & S. 198; *Illidge* v. *Goodwin,* 5 Car. & P. 190.

HOOKER, J. The horse driven by the plaintiff's wife was trotting quietly along a village street, when the thills became detached from the buggy upon one side, and dropped down, causing him to jump and run. This was about 100 feet from a railway crossing, and there was testimony tending to show that, before reaching it, the

driver had so far controlled him as to reduce his speed somewhat. Owing to the accident to the thills, the buggy did not draw straight, and, on reaching the railway crossing, it ran off from the ends of the planks between the rails; and, the wheel striking the rails, the horse jumped, and, breaking the thills from the buggy, ran away. At that moment, according to the testimony of all the witnesses, the occupants "went into the air." The negligence charged is that the railroad crossing consisted of planks laid between the rails, making a plank roadway but 14 feet wide, and that this did not conform to the requirements of the statute that the surface of the planks next to the rails should be higher than the top of the rails. It is contended that the wheels slipped and slid upon the rails, and that fact, taken in connection with the narrowness of the planking, caused the accident, which would not otherwise have happened.

If we take the plaintiff's theory of this case as true, we must find that this accident was the result of concurring causes, viz.: *First*, the breaking of the thill and the fright of the horse, causing him to run; *second*, the improper planking of the crossing. That the horse ran away, and was beyond the control of the driver, is manifest, as all of the witnesses agree that he was running at first, and all but one, that he was on the lope or canter when he was on the crossing. One witness used different language, saying she was getting him slowed down, and had practically got him stopped down to a trot when she struck the crossing. It is undeniable, however, that, while she might or might not have succeeded in stopping the horse without accident had not the crossing intervened, he was at the time of the accident so far beyond her control as to be traveling at a rapid rate, with a pair of thills about his heels, attached to the buggy close to one wheel, the effect of which would naturally be a tendency to turn the buggy around, rendering it exceedingly unsafe for the occupant, and important

that the horse should immediately be brought to a stand, which up to that time she had been unable to do. While the buggy was in this condition, and the horse traveling rapidly, notwithstanding a desire and necessity that he be stopped, the buggy ran off the plank. There is not the slightest reason to suppose that this would have occurred but for the condition of the buggy and the fright of the horse. Of course, it is possible that it might not have occurred if the plank had been laid differently, and, if so, the accident was the result of concurring causes. In such case it has been repeatedly held in Michigan that the doctrine of proximate cause applies. The latest instance is that of *Lambeck* v. *Railroad Co.*, 106 Mich. 512, where the cases are collected. Under the rule there recognized, the court should have directed a verdict for the defendant, and we have no alternative but to reverse the judgment, and direct a new trial. Ordered accordingly.

The other Justices concurred.