Isaac Heister, Sr., and Patience, his wife, Appellants, *v.* Fawn Township.

*Negligence—Defective highway—Proximate cause—Evidence—Township road.*

In an action against a township to recover damages for personal injuries caused by a fall over a bank along a township road, a nonsuit is properly entered where all the evidence shows that the road at the point where the accident took place, was smooth, level and of sufficient width for ordinary travel, and that the absence of a parapet or guard rail was not in any sense the proximate cause of the accident, though if one had been there, the consequences might have been less serious.

Argued Nov. 10, 1898. Appeal, No. 196, Oct. T., 1898, by plaintiffs, from order of C. P. No. 3, Allegheny Co., Aug. T., 1897, No. 190, refusing to take off nonsuit. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McCLUNG, J.

At the trial it appeared that the accident occurred about noon on June 4, 1893, at a point on the Tarentum and Saxonburg state road where the traveled portion of the road was smooth, level and about fifteen feet wide. On one side of the road was a somewhat abrupt embankment and on the other was a declivity without guard rail or other protection. At the point where the accident occurred a number of cattle had gathered, one of which suddenly rising frightened the horse, and the occupants of the buggy were precipitated over the declivity.

The court entered a compulsory nonsuit which it subsequently refused to take off.

In its opinion refusing to take off the nonsuit the court said: "It is manifest that if this road with the cow upon it, indicated a place of danger, that danger was more vividly presented to the minds of the plaintiffs just before they attempted to drive around the cow than it ever could have been to the authorities of the township. It follows that if there is enough in this case to show negligence in the defendant, there must necessarily be enough to show negligence on the part of the plaintiff. Nor were they under any necessity when they took the risk. It is

plain that the cow could have been easily removed either by driving directly towards it, or by the driver of the buggy alighting when he approached it, and going to his horse's head."

*Error assigned* was refusal to take off nonsuit.

*N. W. Shafer,* with him *N. McVicar,* for appellants, cited Lower Macungie Twp. v. Merkhoffer, 71 Pa. 276; Corbalis v. Newberry Twp., 132 Pa. 14; Burrell Twp. v. Uncapher, 117 Pa. 353; Kitchen v. Union Township, 171 Pa. 151.

*David Smith,* with him *R. A. Kennedy,* for appellee.

OPINION BY MR. JUSTICE MITCHELL, January 2, 1899:

According to all the evidence the road at the point where the, accident took place was smooth, level and of sufficient width for ordinary travel. The absence of a parapet or guard rail was not in any sense the proximate cause of the accident, though if one had been there the consequences might have been less serious. Even that however is entirely conjectural. But there was nothing in the occasion of the accident or the manner of its occurrence which the township could reasonably have been required to foresee and provide against. Further, if the township was bound to anticipate the conjuncture of circumstances which led to the accident, while they were in the future, and was negligent in not providing against their possible happening, the plaintiff must have been at least equally negligent in not guarding against them when they were present or imminent. But we prefer to rest the case on the absence of any sufficient evidence of negligence on the part of defendant.

Judgment affirmed.