KINGSLEY *v.* TOWNSHIP OF BLOOMINGDALE.

Negligence—Proximate Cause — Absence of Railings from Bridge.

> Plaintiff, after safely crossing a bridge in defendant township, stopped to converse with a neighbor. His horse got the checkrein over one of the thills, began backing, and, disregarding both command and whip, backed the vehicle upon and off from the bridge. *Held*, that the absence of railings, conceding that it was the duty of the township to provide them, was not the proximate cause of the accident.

Error to Van Buren; Buck, J. Submitted April 21, 1896. Decided May 19, 1896.

Case by Floyd Kingsley against the township of Bloomingdale for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*A. Lynn Free* and *T. J. Cavanaugh*, for appellant.

*Titus & McNeil*, for appellee.

Hooker, J. In this cause the plaintiff appeals from a directed verdict in favor of the defendant, a township, which was charged with the duty of maintaining a bridge. The plaintiff's testimony shows that the bridge was 16 feet long, and was made of plank 14 feet long, laid upon stringers, and the bank joined the bridge at an elevation of about 3 feet above the bottom of the ditch which the bridge crossed. He had safely crossed the bridge far enough to bring the back wheels of his carriage 8 feet or more from the bridge, where he stopped several minutes, in conversation with a neighbor. His horse got the checkrein over the thill, and began backing, and, disregarding both command and whip, backed the vehicle

upon and off from the bridge. It is claimed that the township was negligent in not providing a railing to the bridge.

We have held, in some cases, that circumstances might require railings, but in no case have we gone so far as to hold that a highway or bridge required fencing, except in cases of obvious danger. If, however, this is a proper question to leave to the jury, in ordinary cases, it appears in this case that the horse was not frightened or caused to back by any act or neglect of the township. It was caused by the checkrein pulling upon the horse, apparently leading him to think he was expected to back, and effectually taking the control of the horse from the master, so far as the guidance was concerned. Blows even did not affect him, and it is apparent that the lack of railings was not the proximate cause of the accident, but, if a cause at all, was the remote cause. This question has been before the court several times, and need not be again discussed. It seems closely analogous to the cases of *Beall* v. *Athens Tp.*, 81 Mich. 536, and *St. Clair Mineral Springs Co.* v. *City of St. Clair*, 96 Mich. 463.

The judgment will therefore be affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.