DOAK *v.* TOWNSHIP OF SAGINAW.[1]

HIGHWAYS—BRIDGES—ABSENCE OF RAILINGS—FRIGHT OF HORSE—
INJURY TO DRIVER—PROXIMATE CAUSE.

>   Plaintiff's horse, while being driven on a country highway, took
>   fright from some unknown cause, at a point 14 feet from a
>   bridge, and backed the carriage down the embankment, in-
>   juring the plaintiff. No railings were maintained along the
>   sides of the highway at this point. *Held*, that the fright of
>   the horse, and not the absence of railings, was the proximate
>   cause of the accident, and that there could, therefore, be no
>   recovery against the township.

Error to Saginaw; Snow, J. Submitted January 25,
1899. Decided April 18, 1899.

Case by Margaret H. Doak against the township of
Saginaw for personal injuries. From a judgment for
plaintiff, defendant brings error. Reversed.

On July 30, 1897, plaintiff, with a young child, and her
eldest son as driver, drove out of the city of Saginaw
into the country. On approaching Merrill bridge across
the Tittabawassee river, a team was coming across on the
bridge. Plaintiff's son drove to one side, and stopped
about 14 feet from the bridge for this team to pass. He
preferred to do this, rather than meet the team upon the
bridge. The approach to the bridge was across low
ground. Ditches existed upon each side of the highway
about 2½ feet below the natural surface. The grade of
the roadbed was about 5 feet above the natural surface.
The level surface of the roadbed was from 11 to 14 feet
wide, being 11 feet at the place where the horse backed
up. The distance from ditch to ditch was 64 feet. The
slope was 6 feet 8 inches in 16 feet. After the team had

---

[1] Rehearing denied March 27, 1900.

passed, the boy started up his horse, which for some reason refused to go forward, but backed up, cramped the buggy down the slope, and finally tipped it over in the ditch, and injured the plaintiff. The negligence alleged is the failure to maintain a railing along the sides of the highway at this point. Plaintiff recovered verdict and judgment.

*Trask & Smith* and *F. E. Emerick*, for appellant.

*Crane & Crane*, for appellee.

GRANT, C. J. (*after stating the facts*). The proximate cause of the accident was the fright of the horse. The testimony on this point is as follows: The driver testified:

" I know he got frightened at something, but cannot tell what. There was the rattling of the leaves on the trees; the rubbing against the bridge; the bridge rattled; and the noise of the water,—some kind of bubbling noise; the wind blowing. I don't know which."

The roadbed was wide enough for the teams to pass without difficulty. The defendant was not responsible for the fright of the horse. Plaintiff relies on *Ross* v. *Township of Ionia*, 104 Mich. 320, and *Simons* v. *Township of Casco*, 105 Mich. 588. In those cases the cause of the fright was directly attributable to the negligence of the township, and the decisions are based upon no other theory. There are but few miles of country road in Michigan where the same result might not follow, if a horse became frightened and backed to the roadside. All country roads usually have ditches on each side of them. The law does not require townships to furnish protection against frightened and unmanageable horses. Only when their own misconduct causes the fright do they become liable, and then because their negligent act caused the fright, and not because of negligence in not maintaining rails or barriers. That is the settled doctrine of this State. *Agnew* v. *City of Corunna*, 55 Mich. 428 (54 Am. Rep.

383); *Smith* v. *Township of Sherwood,* 62 Mich. 159; *Beall* v. *Township of Athens,* 81 Mich. 536; *St. Clair Mineral Springs Co.* v. *City of St. Clair,* 96 Mich. 463; *Bleil* v. *Railway Co.,* 98 Mich. 228; *Lambeck* v. *Railroad Co.,* 106 Mich. 512; *Kingsley* v. *Township of Bloomingdale,* 109 Mich. 340.

Judgment reversed, and no new trial ordered.

The other Justices concurred.