CHRIST HANSEN v. ST. PAUL GASLIGHT COMPANY.[1]

December 21, 1900.

Nos. 12,286—(167).

Escaping Gas—Injury to Greenhouse Flowers.

In an action brought to recover damages for the destruction of flowers and plants in a greenhouse system, caused by gas escaping from negligently constructed gas mains, the complaint set forth, in a single paragraph, that the plants and flowers not killed by the gas were rendered worthless, because there was no market for them as such, and that their only value consisted in the demand for the complete line, as developed and existing before any of the stock was destroyed, and that plaintiff was damaged in the total value of the entire stock. *Held* that, under the allegations of the complaint, the escaping gas was the proximate cause of the injury. *Held*, the paragraph referred to was improperly stricken

1 Reported in 84 N. W. 727.

out on motion as irrelevant and immaterial. Whether the matters so pleaded constitute a separate cause of action, in the nature of special damages, or were descriptive statements by way of explanation or inducement, is not decided; the question not being raised by the motion stated.

Appeal by plaintiff from an order of the district court for Ramsey county, O. B. Lewis, J., striking out the sixth paragraph of the complaint. Reversed.

*J. F. George,* for appellant.

Counsel cited: Chamberlain v. Porter, 9 Minn. 244 (260); 2 Greenleaf, Ev. (16th Ed.) § 268; Dickinson v. Boyle, 17 Pick. 78; McAfee v. Crofford, 13 How. 447; Sedgwick, Dam. §§ 125, 129; Chapman v. Kirby, 49 Ill. 211, 217; Gray v. Waterman, 40 Ill. 522, 526; Johnson v. Courts, 3 Harris & McH. (Md.) 510; Larkin v. Glens Falls Ins. Co., 80 Minn. 527; Brady v. N. W., 11 Mich. 425.

*Squires & Begg,* for respondent.

Counsel cited: Carsten v. Northern Pac. R. Co., 44 Minn. 454; Dow v. Winnipesaukee, 69 N. H. 312; Dubuque v. City, 30 Iowa, 176; Vedder v. Hildreth, 2 Wis. 427.

LEWIS, J.

The complaint states that plaintiff owns and has in operation on certain lots on Dale street, St. Paul, a large greenhouse plant, consisting of a residence, florist's cold-storage house, engine and boiler rooms, a steam-heating plant, and fourteen large greenhouses, and all appurtenances thereunto belonging. Then follow allegations to the effect that the business consists in growing every variety of flowers and plants usually sold by florists; that defendant negligently constructed weak and improper gas mains, and laid them in the street adjoining; and that the gas escaping therefrom entered the adjoining soil and penetrated plaintiff's greenhouses. There are several different items of damages specified, as follows: (1) That plants and flowers were actually killed of the value of $12,000. (2) That for a period of three months it was necessary, by reason of such negligent act, to employ extra help and incur extra expense, to the value of $500, in protecting the flowers and plants not killed from damage on account of the

further escaping of the gas. (3) That plaintiff's trade and business was destroyed thereby, which was of the value of $5,000. (4) The sixth paragraph of the complaint alleged that the business was such as to require plaintiff to grow and keep on hand a full line of plants, flowers, and roses, of every variety and color, and that he did have such variety on hand; that the plants and flowers destroyed by defendant's negligence were of such varieties and colors that they could not be replaced by purchase or otherwise; that the remaining plants and flowers were unsalable, and they could not be sold alone, but could only be made marketable when sold in conjunction with the varieties which were destroyed; that the result was a total loss to those remaining to the damage of $3,000. The complaint closes with the general allegation that, on account of all of said acts, plaintiff has been damaged in the sum of $20,500, and judgment is demanded for that sum.

Defendant moved the court below to strike out certain parts of the complaint, including paragraph six, on the ground that the same were irrelevant and immaterial. The court granted the motion as to the sixth, but denied it as to the other paragraphs. Plaintiff appealed, and the only question before us is the ruling of the court in striking out the sixth paragraph.

Respondent contends that the part stricken out was wholly irrelevant and immaterial, because the damages therein alleged to have accrued were purely consequential, and too remote. We are unable to say upon what theory of damages this paragraph of the complaint was drawn,—whether it is intended as an independent cause of action setting forth special damages, or a statement of the peculiar conditions of the business, stated for the purpose of calling attention to the fact that the greenhouse system was regarded as one plant or an entire business. We are not called upon to decide whether this paragraph was intended as a separate cause of action for special damages, or whether the matter stated is descriptive merely of the business. The question of the sufficiency of the pleading is not before us. If the matter objected to bears any substantial relation to the issue tendered by the complaint either on the theory of general damages or of special damages, it cannot be stricken out as irrelevant and immaterial. It

follows that, if the damage so alleged to have been caused to the remaining stock was such as could be recovered under the head of either general damages or special damages on account of the alleged negligent acts, then the matter objected to should not be stricken out. But, if such damages are not recoverable either as general or special, then it should be stricken out, because it would be entirely irrelevant and immaterial.

Taking the complaint as a whole, it appears that the system of greenhouses constituted one entire plant and business; that the business was peculiar, in this: that its success did not depend upon the raising and selling of individual flowers and plants, each having its own peculiar market value as such, but the business consisted in growing a vast collection of flowers and plants, consisting of all varieties and colors, and that a demand was created for such a collection, and the business built upon such a demand,— in effect, that the people do not go to greenhouses to buy one kind of plant or flower; that it requires all kinds and varieties to gratify the public taste and to sustain such a trade. If it is true that plaintiff had built up such a line of plants and flowers to meet such demand, and the gas killed a part, and those remaining constituted a broken and imperfect stock, unsalable and worthless alone and without the aid of those which were actually killed, why does it not follow that the gas was the proximate cause of the loss of the latter as well as the former? In the case of La Londe v. Peake, infra, page 124, the rule as to proximate cause is stated thus: Where the wrongful act or omission produces the injury, and it would not have been produced but for such wrongful act or omission, such act or omission is the proximate cause of the injury, if it be one which might be reasonably anticipated as a natural consequence. Again, citing Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U. S. 469, it is stated that it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the surrounding circumstances. The case before us comes within these rules. There is no suggestion in the complaint of any other intervening cause. The escaping gas, and that alone, according to the facts pleaded, caused the result; and, from the

nature of the business, such a result might reasonably have been anticipated.

The paragraph in question was not open to the objection made, and the order is reversed.