ALPHONSINE LA LONDE v. GEORGE W. PEAKE and Another.[1]

January 2, 1901.

Nos. 12,407—(135).

### Negligence—Unguarded Excavation—Proximate Cause.

Plaintiff was riding horseback in a public street. From some unknown cause the horse took fright and backed some thirty or forty feet, until he stepped into a wagonway which, extending into the street, had been made by defendants for the purpose of moving earth from a cellar, which they were excavating on their own lots, up to the street surface. The plaintiff then fell or jumped off, and was pushed into the cellar by the horse. The wagonway and the cellar were not guarded or inclosed at the point where the accident occurred. *Held*, that the fright of the horse, and not the failure to guard or inclose the excavation, was the proximate cause of plaintiff's injuries.

Action in the district court for Polk county to recover $1,000 damages for personal injuries. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of plaintiff for $100. From a judgment entered pursuant to the verdict, defendants appealed. Reversed.

*H. Steenerson*, *Charles Loring* and *A. A. Miller*, for appellants.

*L. E. Gossman*, for respondent.

COLLINS, J.

Defendants were separate owners of adjoining lots at the corner of Main and Roberts streets, in the city of Crookston. A frame building had been moved from one of these lots into the street, where it remained at the time of the accident hereinafter

[1] Reported in 84 N. W. 726.

mentioned, and the defendants were jointly engaged in excavating a cellar fifty by one hundred feet in size, covering both lots. From the bottom of the cellar, and inclining upward until it reached the surface, about twelve feet out into the street, a driveway had been dug for the purpose of furnishing a passage for teams loaded with material taken out of the cellar as the excavation went on. There was no fence around the cellar, which was twelve or fifteen feet deep, and practically flush with the street line. The sidewalk had been removed a short distance out into the street, and there were some materials which, with the frame building, served as a partial protection to the passer-by, but the wagon way was not inclosed at all.

Plaintiff was riding horseback upon one of these streets in broad daylight, and when opposite this excavation her horse became frightened in some unknown manner, and commenced to back towards the cellar, thirty or forty feet distant. The plaintiff attempted to control the animal and urged him forward, but without avail, and he backed until, with one of his hind feet, he stepped into the wagonway before mentioned, where it was ten or twelve inches below the surface. Plaintiff then jumped or fell to the ground, striking upon her feet close by the buttocks of the horse, and near to the cellar. The horse moved against plaintiff, and she was thrown to the bottom of the cellar. She received injuries, and brought this action to recover damages, obtaining a verdict in a small amount. Having made the proper preliminary motion at the trial, defendant's counsel moved for judgment notwithstanding the verdict, which motion was denied, and an appeal taken from the judgment.

It is claimed by their counsel that no act of the defendants, or either of them, was the proximate cause of plaintiff's injury, and this is really the only question in the case. It was incumbent upon plaintiff to show that the act complained of, viz. the excavation and maintenance of this cellar, unfenced and uninclosed in any manner, was the proximate, as distinguished from the remote, cause of her injuries; and, failing in this, the verdict is unsustainable. It is hardly necessary to state the rule as to proximate cause, and what it is. The application, always difficult, is that where

several acts or conditions of things, one of them the wrongful act or omission of the defendant, produce the injury, and it would not have been produced but for such wrongful act or omission, such act or omission is the proximate cause of the injury, if it be one which might reasonably be anticipated as a natural consequence of the act or omission. Applied in the case at bar, the uncontradicted evidence shows that plaintiff's horse became frightened in some manner unknown, and immediately became unmanageable, —beyond her control. He then backed into the wagonway. Can it be said, under such circumstances, that the failure to fence this excavation was the efficient and proximate cause of the injury, or was this cause the fright of the horse, for which, so far as appears in the case, the defendants were in no manner responsible?

We cannot infer, as plaintiff's counsel seems to urge, that because there were building materials in sight, and because the building had been moved into the street, the horse became frightened at these objects, and, as a sequence, that defendants were responsible for his fright. It was incumbent on the plaintiff to show that defendants were in fault when the horse became unmanageable. It is generally held, and it is the rule, that in order to warrant a finding that negligence, or an act not amounting to a wanton wrong, is the proximate cause of an injury, it must appear that the injury is the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the surrounding circumstances. Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U. S. 469. A liability does not attach to every act of negligence of a party, and it is only when the negligence is the proximate cause that the liability follows. It has often been held that an accident of this nature is such a remote and improbable occurrence that negligence cannot be founded upon a failure to guard against it by a fence or barrier.

There was an abundance of room for plaintiff to pass without difficulty, outside of the materials and the frame building. The defendants were not responsible for the bad behavior of the animal. The plaintiff had no cause of action. Hubbell v. City, 104 N. Y. 434; Doak v. Township, 119 Mich. 680, 78 N. W. 883, and cases

cited; Heister v. Fawn, 189 Pa. St. 253, and citations. If the defendants' misconduct had caused the fright, we have no doubt their liability would follow. It would be because their negligence caused the horse to become uncontrollable, and not because they failed to protect, as against the excavation, by fences or other barriers.

The court below should have granted defendants' motion for judgment notwithstanding the verdict.

Judgment reversed.