## Nichols, Appellant, *v.* Pittsfield Township.

*Negligence—Roads—Township—Unguarded embankment—Fright of horse—
Proximate and remote cause—Nonsuit.*

In an action by a woman against a township to recover damages for personal injuries sustained by being thrown from a buggy into an unguarded ditch on the side of a public road, a nonsuit is properly entered where the evidence shows that plaintiff's horse became frightened on the main street of a neighboring town, that plaintiff there lost control of him, that the horse turned against plaintiff's will into the road where the accident occurred, that after the horse had run down this road some 300 feet, the noise of a nearby train caused him suddenly to whirl around and run backward towards the town, to the point where the accident occurred.

Where the proximate cause of an accident on a public highway is not the result of any defect in the highway or of any neglect of duty on the part of the supervisors of the township in which the accident occurred, but is caused by the fright of a horse, no action can be maintained against the municipality.

To impute a failure of duty on the part of a township where it has provided a public road suitable for the ordinary use of the same because it failed to provide for the possible contingency that might arise from the fright of a horse not connected in any manner with any defect in the roadway, would be to impose a duty far beyond any reasonable requirements and without a substantial reason therefor. Per THOMPSON, J.

Argued May 2, 1904. Appeal, No. 101, Jan. T., 1904, by plaintiff, from order of C. P. Warren Co., Dec. T., 1903, No. 2, refusing to take off nonsuit in case of Sarah A. Nichols and Perry Nichols, her Husband, *v.* Pittsfield Township. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before LINDSEY, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

*Error assigned* was order refusing to take off nonsuit.

*George B. Munn*, with him *George H. Higgins*, for appellant.—The case was for the jury: Ewing v. North Versailles Township, 146 Pa. 309; Burrell Twp. v. Uncapher, 117 Pa. 353; Borough of Pittston v. Hart, 89 Pa. 389; Plymouth

Twp. v. Graver, 125 Pa. 24; Hey v. Philadelphia, 81 Pa. 44; Bitting v. Maxatawny Twp., 177 Pa. 213; Hitchcock v. Amity Twp., 200 Pa. 247; Merriman v. Phillipsburg Borough, 158 Pa. 78; Scott Twp. v. Montgomery, 95 Pa. 444; Closser v. Washington Twp., 11 Pa. Superior Ct. 112; Yoders v. Amwell Twp., 172 Pa. 447; Boone v. Twp. of East Norwegian, 192 Pa. 206; Davis v. Snyder Twp., 196 Pa. 273; Schaeffer v. Jackson Twp., 150 Pa. 145; Willis v. Armstrong Co., 183 Pa. 184; Heister v. Fawn Twp., 189 Pa. 253.

*W. D. Hinckley, W. E. Rice* and *J. H. Alexander*, for appellee, were not heard but in their printed brief said: The proximate cause of the injury was the fright of the horse at a point distant from the accident and upon another road, and that fright was neither alleged nor proved to be due to any neglect of duty on the part of the supervisors of the township.

This case is ruled by Schaeffer v. Jackson Township, 150 Pa. 145; Heister v. Fawn Township, 189 Pa. 253; Willis v. Armstrong County, 183 Pa. 184; Habecker v. Lancaster Township, 9 Pa. Superior Ct. 553; Chartiers Township v. Phillips, 122 Pa. 601.

Opinion by Mr. Justice Thompson, May 16, 1904:

The appellant, Mrs. Nichols, was returning from Youngstown through Pittsfield, and while passing through the latter place and upon Main street her horse, becoming frightened, began to move rapidly and ran down to a country road which crossed Main street northerly at right angles. There, being beyond her control, he turned down the road. At some 300 feet from Main street the tracks of the Philadelphia and Erie Railroad cross this road and at the time of the accident to the appellant a train was crossing at this intersection of the railroad and the road and in consequence the frightened horse when near the train, suddenly turned round and ran back towards Main street.

As a result of the fright of the horse, appellant lost control of him and while he was running away the buggy was run into a ditch upon the east side of the road and appellant being thrown out was injured. Appellant's contention was that appellee's liability arose from negligence in failing to construct and main-

tain a wall or guard rail along the road at the point in question to protect against accident. The failure of duty which constitutes negligence in such a case must necessarily be the proximate cause of the accident and if such is not the case no liability can arise. In the present case appellant's testimony clearly established that the failure to build the wall or guard rail upon the public road at the point in question was not the proximate cause of the accident. Mrs. Nichols in her account of the accident testifies that she was in the village of Pittsfield when her horse became frightened. That she tried as hard as she could to hold him but that he increased his pace and she was not able to hold him. That he turned the corner and went toward the Philadelphia and Erie Railroad track. That she did not intend to go that way but that the horse carried her around the corner and went toward the railroad track. That the pace increased and she was unable to hold her horse. That a freight train was crossing near the intersection and that the horse went close to the train, then whirled around and ran toward the town and while going in that direction the buggy ran over the embankment. It is clear that the horse became frightened on the Main street in Pittsfield and that appellant there lost control of him and that when he reached the country road he turned down it and went some 300 feet, when a train crossing the intersection caused him suddenly to whirl. Running back towards Pittsfield and at some distance from the railroad, the buggy was run into the ditch.

The proximate cause of the accident was the fright of the horse and this occurred upon a street in Pittsfield and not upon the public road in question. Appellant having lost control of her horse on that street she was compelled to go down the public road. The passing train caused the horse to whirl and continuing to run away the buggy ran into the ditch and the accident thus occurred. At this point the condition of the road was suitable for public use. The cause therefore of the accident was clearly the fright of the horse and it was not caused by any neglect on the part of the appellee. To impute a failure of duty on the part of a township where it has provided a public road suitable for the ordinary use of the same because it failed to provide for a possible contingency that might arise from the fright of a horse not connected in any

manner with any defect in the roadway, would be to impose a duty far beyond any reasonable requirements and without substantial reason therefor.     In the case of Herr v. City of Lebanon, 149 Pa. 222, it is said :

"A road that is in suitable condition for ordinary travel, conducted in the ordinary manner, does not become defective because some extraordinary condition, not foreseen, arises, in consequence of which it is, for the moment, too rough or too narrow to meet all the exigencies of the situation.     Whatsoever is so much out of the ordinary course as not to be naturally foreseen as a probable result of the condition of the highway, the road authorities are not bound to provide against, but their neglect to make such provision can be neither a proximate nor a concurring cause of the injury received in consequence of such extraordinary happening."

The present case is one in which the fright of the horse is the proximate cause of the injury and where the defect of the highway was not any such cause and is in the line of Schaeffer v. Jackson Township, 150 Pa. 145, where it is said :

" It is therefore clear that the proximate cause of the plaintiff's injury was the fright of the horse, and that the fright was not caused by any defect in the highway or by any neglect of duty on the part of the supervisors."

Substantially the same principle is held in Herr v. City of Lebanon, supra ; Heister v. Fawn Township, 189 Pa. 253 ; Willis v. Armstrong County, 183 Pa. 184.

As the proximate cause of the accident was not from a defect in the public highway, the appellants were not entitled to recover and the learned trial judge committed no error in entering the nonsuit.

The assignments of error are not sustained and the judgment is affirmed.