ALEXANDER McDONALD v. CITY OF DULUTH.[1]

October 28, 1904.

Nos. 14,040, 14,041—(36, 37).

**Municipal Corporation—Injury From Unsafe Public Structure.**

Where there are obstacles to overcome in the construction of any public work, and reasonable minds might differ as to whether the plan adopted therefor by the municipality was the best and safest one, the decision of the municipality on the question cannot be reviewed by the courts. But a municipality is liable for an injury caused by an unsafe public structure, although the defect exists in the plan adopted for its construction, if there be no reasonable necessity for having the defect.

**Notice of Defect.**

Where such a structure is unsafe by reason of its negligent construction, and the defects are not latent, it is not necessary to show that the municipality had notice of such unsafe condition in order to recover for injuries sustained thereby.

**Evidence.**

The evidence is sufficient, in this a personal injury case, to sustain the verdict, to the effect that the plaintiff's child was injured by reason of the negligent construction by the defendant of a railing on one of its bridges.

**Same.**

Evidence tending to show a change in the construction of the railing after the accident *held* admissible as rebutting evidence in this particular case.

**Opinion Evidence.**

The construction of the railing *held* not to be so complicated as to make the admission of opinion evidence as to its safety a matter of right. Anderson v. Fielding, 92 Minn. 42, followed.

Separate appeals by defendant from orders of the district court for St. Louis county, Ensign, J., respectively denying a motion for judgment notwithstanding the verdict or for a new trial, in each of two cases between the same parties.  Orders affirmed.

*Bert Fesler,* for appellant.

*John Jenswold, Jr.,* for respondent.

[1] Reported in 100 N. W. 1102.

START, C. J.

The plaintiff brought two actions against the city of Duluth, one to recover damages for personal injuries sustained by his infant daughter, by reason of the city's alleged negligence in failing safely to construct and maintain a railing to a bridge over a stream which crosses one of its alleys; the other to recover in his own right for expenses incurred for medical treatment and nursing necessitated by his daughter's injuries. Both cases were tried together. There was a verdict in the first one for the plaintiff for the sum of $550, and in the other for the sum, as reduced by the trial court, of $30. The defendant appealed from an order in each case, denying its motion for judgment notwithstanding the verdict or for a new trial. The two cases and appeals will be considered as one.

The specific act of negligence alleged in the complaint is that the defendant caused railings to be placed on the sides of the bridge, but negligently failed properly to fasten the one complained of, whereby it was and continued to be loose and liable at any time to slide out from and over the bridge. And, further, that the defendant did at all times have full notice of the unsafe condition of the railing. The complaint also alleges that the plaintiff's daughter, nine years of age, while walking along the bridge on May 23, 1902, came in contact with the railing on the southerly side of the bridge, when it gave way because of its unsafe condition, by reason of which she was thrown from the bridge and her leg broken by the fall. The trial court charged the jury as to this allegation of negligence as follows:

> The charge here is for the negligent construction of this railing, and you are to determine from the evidence, which has been given you here in court, whether the city did negligently and carelessly construct that railing, so that when the child pressed against it it fell over. You are to determine that from the evidence, and as you answer that question your verdict will be. If you find that the city was not negligent in the construction of that railing, then your verdict will be for the defendant. If you find that the defendant was negligent, then your verdict will be for the plaintiff for such damages as the plaintiff may have suffered.

The sole issue, then, under this instruction, was whether the railing was originally negligently constructed. The jury by their verdict necessarily found that it was.

1. This brings us to the first alleged error urged by the defendant, which is to the effect that the evidence was insufficient to sustain the finding that the railing was originally negligently constructed. The evidence is substantially conclusive that the bridge was a stone arch over the stream, and that from the top of the bridge to the stream it was some fifteen feet; that on top of each side of the bridge was a stone coping about three feet wide and six inches high; on the inside of this coping was a clay and gravel filling; just inside of this coping, at regular intervals, were driven four 2 x 4 stakes, each about sixteen inches long, so that the top of the stakes was flush with the top of the stone coping; across this coping was laid a 2 x 6, with the inside end nailed to the top of the stake; the 2 x 6 extended over the outside of the coping about eighteen inches; perpendicular to each of these 2 x 6's, and near the outside edge of the bridge, was erected a 2 x 4, about three feet high, from the top of which was a brace extending outward to the outer end of the 2 x 6's; and, further, that on top of the perpendicular post a rail 1 x 8 inches was nailed. It is obvious from the way the railing was constructed that it was only held in place by the stakes or plugs driven into the ground some nine or ten inches, and, further, that pressure outward on the railings would have a direct tendency to loosen the plugs. The plan for the construction of the railing is itself evidence tending to show that it was an unsafe one. The evidence tended to show that the plugs were loosened by frost, wind, and pressure on the railing.

Upon the whole record we are of the opinion that the evidence is sufficient to justify the finding of the jury that the railing was originally negligently constructed, and so remained down to the time of the accident, and, further, that there was no reasonable necessity for so constructing the railing; or, in other words, that it was not constructed in accordance with a reasonable plan. This case, then, does not fall within the rule laid down in Conlon v. City of St. Paul, 70 Minn. 216, 72 N. W. 1073, to the effect that, where there are obstacles to overcome in the construction of any public work, and reasonable minds might differ as to whether the plan adopted therefor by the municipality

was the best and safest one, the decision of the proper municipal authorities on the question cannot be reviewed by the courts. But the case is ruled by Blyhl v. Village of Waterville, 57 Minn. 115, 58 N. W. 817, which holds that a municipality is liable for an injury caused by an unsafe public structure, although the defect exists in the plan adopted for its construction, if there be no reasonable necessity for having the defect. The railing in question having been negligently constructed, and the defect being an open one, it was not necessary for the plaintiff to show that the city had notice of its unsafe condition. Elliott, R. & S. § 65.

2. The second alleged error is that the trial court admitted evidence as to subsequent repairs. No such evidence in chief was offered by the plaintiff, but, on rebuttal, evidence was received over the objections of the defendant tending to show that changes were made in the construction when the railing was replaced after the accident. An examination of the record shows that the defendant gave evidence tending to show that the railing, after the accident, was put back upon the bridge in the same way that it was first constructed, and that it was safe. The plaintiff was then permitted to give the evidence we have referred to. The evidence was rightly received in rebuttal. It tended directly to contradict the evidence given on behalf of the defendant that no change was made in replacing the railing.

3. The next alleged error is that the trial court erred in striking out the answer of a witness to a question as to the condition of the railing, he having examined it. The answer was, "I always found it safe." The ruling was correct, for the answer was simply opinion evidence. There was nothing complicated about the construction of this railing, and when the facts were placed before the jury and explained to them they were as competent as the witness to form an opinion as to the safety of the railing. In such a case expert evidence is not admissible. Anderson v. Fielding, 92 Minn. 42, 99 N. W. 357.

4. The last assignment of error relates to the admission of evidence tending to show that children had been accustomed to play on the bridge near the railing. The evidence was not relevant to the issue submitted to the jury. It was so obviously so that it could not have prejudiced the jury in determining the question whether the railing

was negligently constructed. Whether it was relevant to the other issues, as to which evidence was given on the trial, we need not decide; for, in any event, the reception of the evidence, if error, was harmless error.

Orders affirmed.