# JOSEPH KLASEUS v. VILLAGE OF KASOTA.[1]

December 24, 1914.

Nos. 18,897—(134).

**Bridge — negligence of village.**

1. The evidence justified a finding of the jury that the defendant was negligent in failing to provide a guard rail of sufficient height on a bridge which it maintained.

[1] Reported in 150 N. W. 221.

---

Note.—As to municipal liability for injury to travelers by defective bridges through defect in plan of construction, see note in 67 L.R.A. 268.

**Proximate cause.**
    2. The question of proximate cause was for the jury.


Action in the district court for Le Sueur county to recover $200 for the loss of plaintiff's horse. The case was tried before Dickson, J., acting for the judge of the Eighth judicial district, and a jury which returned a verdict in favor of plaintiff for $125. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Thomas Hessian,* for appellant.
*C. O. Dailey,* for respondent.


DIBELL, C.

The plaintiff was driving his team over a bridge which spanned Chanchaska creek in the village of Kasota. An automobile approached from the opposite direction. His team became frightened and unmanageable and one of them was crowded over the edge of the bridge to the creek below and was killed. He brought this action to recover damages for the loss of his horse and had judgment. The defendant appeals from the judgment.

1. The negligence alleged is in having a guard rail of insufficient height. There is no claim that it was out of repair or defective except in plan of construction. A municipality may be liable because of an unnecessary defect in the plan of construction. Blyhl v. Village of Waterville, 57 Minn. 115, 58 N. W. 817, 47 Am. St. 596; McDonald v. City of Duluth, 93 Minn. 206, 100 N. W. 1102.

There was an arched culvert over the creek and the space above was filled in. The bridge was 17½ feet wide from rail to rail, something like 30 feet long; there were approaches to it from either end, and the creek was something like 31 feet below. There is evidence that the guard rail was from 2 feet 4 inches to 2 feet 6 inches high. This the jury might have taken to be true. There is evidence that it was higher. Those who give it a greater height say it was about the usual height of railings on other bridges. The location of the

bridge, with streets approaching it on a curve, perhaps added an element of danger.

The facts are not strong for the plaintiff, but we are of the opinion that the jury might properly find negligence in the defendant in failing to provide a sufficient guard rail.

2. It is the contention of the defendant that the insufficient guard rail was not the proximate cause of the injury; and that the proximate cause was the frightening of the team by the automobile. The question of proximate cause was for the jury. See Wiles v. Great Northern Ry. Co. 125 Minn. 348, 147 N. W. 427, and cases cited.

Judgment affirmed.