## WILLIAM MADSEN AND ANOTHER v. EMIL LATZKE.[1]

### June 7, 1918.

### No. 20,877.

**Mechanic's lien — enforcement — evidence insufficient.**

1. Evidence considered and *held* to be sufficient to sustain the findings of the trial court.

**Same — admission of opinion evidence discretionary.**

2. Reception of opinion evidence was within the discretion of the trial court.

Action in the district court for Scott county to recover $160 and to enforce a mechanic's lien therefor. The case was tried before Tifft, J.,

[1]Reported in 168 N. W. 11.

who made findings and dismissed the action on the merits. From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

*F. C. & H. A. Irwin,* for appellants.

*Thomas J. O'Brien* and *George F. Sullivan,* for respondent.

QUINN, J.

Action to enforce a lien against the real estate described in the complaint for a balance of $160, claimed to be due and owing from the defendant to the plaintiffs on the purchase price of a hot air heating plant and plumbing system installed in defendant's dwelling during the fall of 1916. The cause was tried to the court, findings were made in favor of the defendant, and from an order denying their motion for a new trial plaintiffs appealed.

The installation was under a written contract which, so far as it relates to the furnace, provides:

"We the undersigned agree to install in the residence of Emil Latzke a No. 24 single register Estate furnace and to heat same to 70 degrees on the first floor and 50 degrees on second floor in the coldest weather. If furnace does not handle house in a satisfactory manner we will remove same without any expense to the property owner and leave floors in first class shape. Furnace to be installed for $155.00 and to be paid for by Nov. 1st, 1916, and trial to hold good for one year."

Defendant pleaded a warranty and breach thereof; that the furnace was unsatisfactory and that he so notified the plaintiffs, and requested them to remove the same shortly after it was installed. No question was raised upon the trial but that the capacity of the furnace was sufficient to heat the building. The particular objection urged thereto was that it did not properly distribute the heat so as to properly warm the different rooms. There was testimony upon the trial sufficient to justify the findings of the court.

The trial court found that the furnace was not adequate to heat the building in a proper manner; that it did not comply with the terms of the contract and was not satisfactory to the defendant; that the defendant declined to accept the same and requested the plaintiff to remove it; and ordered judgment in favor of the defendant.

Upon the trial defendant called William Juni as a witness, who had

been in the hardware, heating and plumbing business for a number of years, but had never tested or seen the furnace in operation. This witness was permitted to testify under objection and give his opinion as to whether the furnace would properly heat the building and as to what the temperature of the different rooms would be with a given temperature in the dining room. The rulings upon this testimony are covered by appellants' assignment No. 6. The majority of the court are of the opinion that the reception of the opinion evidence objected to was largely in the discretion of the trial court, and that there was no prejudicial error in the recption of the same. We have examined the other assignments as to the admissibility of evidence and find no reversible error.

Affirmed.