# EDWARD COMSTOCK v. GREAT NORTHERN RAILWAY COMPANY AND ANOTHER.[1]

December 14, 1923.

No. 23,597.

**Defendant negligent in not placing wheel guard on bridge having dangerous approaches.**

1.  A bridge, constructed and maintained by defendant on a highway crossing its track, had steep grades and sharp curves, but had no wheel or rail guard. The evidence justified the jury in finding defendant negligent in failing to provide such rail guard, and that such negligence caused or contributed to plaintiff's injuries, received when an automobile in which he was riding, but not driving, went through the railing, and dropped 18 feet to the track below.

**Negligence of driver of automobile not imputed to passenger.**

2.  The driver's contributory negligence cannot be imputed to plaintiff.

**Judgment notwithstanding verdict unwarranted.**

3.  It was error to grant judgment notwithstanding the verdict.

Action in the district court for St. Louis county to recover $10,000 for personal injuries. The case was tried before Freeman, J., who at the close of the testimony denied defendants' motion for a directed verdict, and a jury which returned a verdict for $1,200. Defendants' motion for judgment notwithstanding the verdict was granted. From the order granting judgment notwithstanding the verdict, plaintiff appealed. Reversed.

*Victor L. Power*, for appellant.

*Baldwin, Baldwin, Holmes & Mayall*, for respondents.

HOLT, J.

Plaintiff had a verdict and defendants moved in the alternative for judgment notwithstanding or a new trial. From the order granting judgment, plaintiff appeals.

[1]Reported in 196 N. W. 177.

In March, 1921, plaintiff went with three other men in an automobile from Marble to Grand Rapids, a distance of about 18 miles. After the owner of the car, Peter Nelson, finished an errand or two, they started on the return in the middle of the afternoon. The highway parallels defendant's railroad track for a mile or two southeast from the village of Coleraine, at one point crossing the track upon a bridge constructed and maintained by defendant. Approaching the bridge from Grand Rapids the grade thereon is steep and it curves sharply to the right where the incline reaches the high level which crosses the track at an angle of about 45 degrees and then curves to the left. A short distance out of Grand Rapids the parties in the car changed seats. Henry Nelson, a man about 52 years old, undertook to drive. Plaintiff and one of the other men took the rear seat. The testimony is that, as they came up on the bridge, the speed of the car was around 15 miles an hour. Instead of following the curve to the right, the car veered off to the left, or went almost straight against and through the railing on that side, dropping 18 feet to the track below. The driver was instantly killed, and the other men more or less injured.

Plaintiff charged negligence in that the grade of the bridge was too steep, the curve too sharp, the railings and guard rails inadequate, and that the latter were allowed to decay.

It may be conceded for the purposes of this appeal that no negligence could be found in the grade, the curve, or the ordinary railing or its maintenance, or in an alleged ridge in the floor. But there was ample evidence that, since the advent of the automobile, it is customary to provide bridges with guard rails or wheel guards. These are constructed in a substantial manner of a heavy dimension timber laid inside the ordinary railing, on blocks so as to raise it about 8 inches or more from the floor of the bridge, the rail being bolted to the standards of the railing and secured by drift bolts some 18 inches long passing through the rail and down into the floor beams. We think the jury were warranted in finding that due care required such a wheel guard on a bridge having such a steep grade and sharp curve, and that its presence would have stopped or diverted the car from going through. Klaseus v. Village of Kasota, 128

Minn. 47, 150 N. W. 221. Speaking of the necessity of guard rails to protect pedestrians on sidewalks adjoining drop-offs, Justice P. E. Brown, in Watson v. City of Duluth, 128 Minn. 446, 151 N. W. 143, said [at page 448]: "The danger must, it is true, be of an unusual character to require a guard-rail; but whether such a condition exists in a particular case is usually a question for the jury and is seldom determinable as a matter of law." The danger on this bridge created by the grade and the curve was unusual. Especially so since the advent of the automobile.

That the driver, Henry Nelson, was negligent and that such negligence was also a cause of the injury to plaintiff may be admitted; but that would not defeat a recovery, if the jury had the right to find that defendant's negligence contributed thereto. Plaintiff had no control over Henry Nelson, and his negligence cannot be imputed to plaintiff. The deviation of the car from the proper course and its breaking through the railing was so sudden and unexpected that plaintiff had not opportunity to do anything to prevent the disaster. Indeed, he was off the bridge before he realized that anything was amiss.

As this record now stands upon the one proposition of failure to maintain wheel guards, the jury were justified in finding defendant negligent and that such negligence caused or contributed to cause plaintiff's injury; it was therefore error to grant defendant judgment. The trial court did not pass upon the right to a new trial, and we cannot.

The order is reversed.

QUINN, J. (dissenting.)
I dissent.