# ANDREA H. TRACEY v. CITY OF MINNEAPOLIS.[1]

February 26, 1932.

No. 28,710.

[1]Reported in 241 N. W. 390.

*Smith, Gibson & Hermel,* for appellant.

*Neil M. Cronin,* City Attorney, and *John T. O'Donnell,* Assistant City Attorney, for respondent.

WILSON, C. J.

Plaintiff appealed from an order denying her motion for a new trial after a verdict was directed for defendant.

For many years a bridge 1,136 feet long has been maintained across the Mississippi river in the city of Minneapolis known as the Tenth avenue bridge. On each side of the 17-foot driveway thereon there is a six-foot sidewalk seven inches high. The inside of this sidewalk forms or constitutes a curb or wheel guard. On the outside of the sidewalk and at the edge of the bridge there are iron railings three and one-half feet high.

Plaintiff's decedent drove an automobile upon the bridge and was in the act of crossing to the opposite side when his car collided with another car traveling in the opposite direction on the bridge. The hub caps on the left front wheels collided. The impact of the two cars caused each of them to be deflected to the left from the usual path of travel. The other car went upon the sidewalk and stopped at the outer railing. Decedent's car climbed the curb, passed on and across the sidewalk, struck the outer railing, which gave way, permitting the car and its occupants to go into the river. Decedent thus came to his death. The floor of the bridge was dry. There is no evidence of skidding.

Plaintiff claims negligent maintenance of the bridge. One of the claims is that the wheel guard or top of the sidewalk was two or more inches too low or, more generally speaking, that it was not high enough. It was also claimed that there was a failure to maintain a suitable railing on the outer edge of the bridge.

The case does not involve decayed, rotten, or defective material and could hardly stand upon the claim of negligence in the original construction. Conlon v. City of St. Paul, 70 Minn. 216, 72 N. W. 1073. We are concerned with the question of maintenance.

It is the duty of municipalities to use ordinary care in the maintenance of highways and to erect guard rails or barriers where their absence would leave the highway unsafe for ordinary travel. They must prepare for and anticipate ordinary use, not extraordinary and unanticipated use. Obviously, this bridge as maintained was adequate for ordinary use, the usual use. It was not so maintained as to prevent an automobile under the circumstances climbing over the curbing and breaking through the railing. To guard against such would have necessitated the construction of a wall of iron or concrete, which would be a very onerous burden to the taxpayers. Few bridges built even under modern methods would withstand such strain. The authorities cannot be expected to anticipate or guard against such emergency. Indeed, it is not the purpose of a curb, curb rail, or an outside rail to protect against such an assault. The purpose is to guard against ordinary contingencies or those which may be reasonably anticipated. The law does not demand a perfect highway under all circumstances. To do so would make the municipality an insurer. This the law does not do. Hubbell v. City of Yonkers, 104 N. Y. 434, 10 N. E. 858, 58 A. S. R. 522; Swain v. City of Spokane, 94 Wash. 616, 162 P. 991, L. R. A. 1917D, 754; McClain v. Town of Garden Grove, 83 Iowa, 235, 48 N. W. 1031, 12 L. R. A. 482. Accidents of this character are of such remote and improbable occurrence that negligence cannot be founded upon failure to maintain a barrier to adequately resist the applied force. We are of the opinion that the claims of plaintiff cannot constitute negligence on the part of the city.

■ The proximate cause of the accident was not the manner or method of maintaining the bridge, but it was the collision of the two cars. La Londe v. Peake, 82 Minn. 124, 84 N. W. 726; Hansen v. St. Paul Gaslight Co. 82 Minn. 84, 84 N. W. 727; Paquin v. Wisconsin Cent. Ry. Co. 99 Minn. 170, 108 N. W. 882. The case is not controlled by Neidhardt v. City of Minneapolis, 112 Minn. 149, 127 N. W. 484, 29 L.R.A.(N.S.) 822.

■ In the trial of the case the court excluded the opinion of engineers, who were called as bridge experts, as to whether this bridge was safe for traffic; whether because of the height of the

sidewalk the bridge was safe for traffic; whether because of the character of the outer railing the bridge was safe for traffic; what height should the guard rail on the inside of the sidewalk be; the safety of the bridge as affected by its maintenance; was the bridge in a reasonably safe condition for travel at the time of the accident; and other kindred questions.

It is the rule that the opinions of expert witnesses are admissible whenever the subject of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it without such assistance. If the expert cannot add anything valuable to that which the jury already have, he should not be heard. But the mere fact that the expert covers the very issue that the jury has to pass upon does not necessarily call for its exclusion. State v. Cox, 172 Minn. 226, 215 N. W. 189. It is the rule however that the testimony of experts should not be received when the facts are such that, when placed before the jury and explained to them, they are as competent as the experts to form an opinion. The questions as to whether a particular, ordinary thing or act constitutes negligence and whether due care required this or that to be done are not matters for expert testimony. Mantel v. C. M. & St. P. Ry. Co. 33 Minn. 62, 21 N. W. 853. Expert testimony should be inadmissible where the alleged defect can be fully and adequately described. It has been held that the construction of a railing is not so complicated as to make opinion evidence admissible as to its safety as a matter of right. McDonald v. City of Duluth, 93 Minn. 206, 100 N. W. 1102; see also Anderson v. Fielding, 92 Minn. 42, 99 N. W. 357, 104 A. S. R. 665; Jones v. Burgess, 124 Minn. 265, 144 N. W. 954; Whitehead v. Wisconsin Cent. Ry. Co. 103 Minn. 13, 114 N. W. 254, 467.

Where the matter of inquiry relates to the purpose or efficiency of curb guard rails or where the outside rails are involved, as here, the question lies within the common experience of persons of common understanding in the ordinary walk of life, and the opinion of experts may be and should be excluded, as the jury are competent to draw true inferences from the facts proved.

In Comstock v. Georgetown, 137 Mich. 541, 100 N. W. 788, it was held that the court did not err in refusing to allow witnesses to testify that a bridge was reasonably safe.

Moreover, the reception of opinion testimony rests largely in the discretion of the trial court. Madsen v. Latzke, 140 Minn. 325, 168 N. W. 11; Hylaman v. Midland Ins. Co. 136 Minn. 132, 161 N. W. 385.

■ ■ The court excluded proof of other cars going upon the sidewalk. This is assigned as error under the rule in suits based upon defective streets that it is relevant for a plaintiff to prove other similar accidents for the purpose of showing notice of the dangerous character of the street. Phelps v. City of Mankato, 23 Minn. 276; Burrows v. Village of Lake Crystal, 61 Minn. 357, 63 N. W. 745; Nye v. Dibley, 88 Minn. 465, 93 N. W. 524. However, in the instant case, in view of the conceded notice of the conditions, which as stated above did not constitute negligence, and the fact that the condition of the bridge was not the proximate cause of the accident, it cannot be said that this ruling was erroneous.

Affirmed.

HOLT, J. (dissenting).

I dissent. A long, high bridge needs guards or barriers to render travel thereon reasonably safe. The frail outside railing on this bridge, while sufficient protection for pedestrians, is of such slight impediment to skidding motor vehicles that as to such it cannot be considered a guard or barrier. The only protection or guard for their safety in case of an accident depriving the driver of control is the so-called curb. When this bridge was designed and built, some 57 years ago, according to my recollection, all vehicles were moved by animal power. The vehicle followed the team, which had the instinct of self-preservation. But not so with motor vehicles. The city must take cognizance of changed conditions in the travel over its streets and bridges and take due care to make the same reasonably safe. Anderson v. City of St. Cloud, 79 Minn. 88, 81 N. W. 746. Bridges are parts of the streets and highways. When declivities are dangerously near highways, strong posts and cables are

constructed to prevent accidents to cars which get out of control. Everyone knows that in this climate sleet, ice, and rain, let alone careless drivers of other vehicles, may take the control of an automobile out of the hands of the most careful driver. It is the duty of a municipality to keep its bridges reasonably safe for public use, 9 C. J. 474, § 75, and to maintain guard rails or barriers where necessary, 9 C. J. 477, § 79. It seems to me that it cannot be held as a matter of law that a curb not quite seven inches high is an adequate guard rail on a long, high bridge. It is common knowledge that the city has recognized that curbing of like height was not adequate, since the advent of the automobile, on Washington avenue bridge and the Lake street bridge. And I think the testimony was improperly excluded that skidding cars had scaled the low curbs, thus bringing home knowledge to the city of their defect. The adequacy of the barriers or guards on this bridge reasonably to protect the travelers was for the jury. And on that issue it seems to me the expert testimony of bridge designers and builders should have been received. The feasibility and cost of a reasonably sufficient curb or rail would enter into the problem.

The proximate cause of the death of plaintiff's intestate was also a jury issue. He being dead, the jury could presume that he was driving with due care when the other car came in contact with his and caused it to skid. If then the jury should find the driver of the other car negligent, thereby throwing the car of the deceased out of its course, and further find that but for the city's negligence in failing to maintain reasonably adequate guard rail or curb the accident would not have resulted fatally, there could have been a recovery. If the negligence of two contribute to an injury both are liable. In this case barriers, such as they were, saved one of the drivers from death although his car scaled the curb. A jury could well have found that a stringer six inches or so bolted to the sill of the sidewalk or curb would have been such a barrier as ordinary care and prudence would have provided, and that it would have rendered travel reasonably safe and prevented this death.

STONE, J. (dissenting).

I concur in the opinion of Mr. Justice Holt except that I cannot agree that "the expert testimony of bridge designers and builders should have been received." The ruling on that question seems to me well within the broad discretion of the trial court. I would be loath to hold that either the exclusion or reception of such evidence in a case of this kind would be prejudicial error.

I feel that both controlling issues, negligence and proximate cause, were fairly for the jury. On the facts, the case seems to me reasonably within the rules of La Londe v. Peake, 82 Minn. 124, 125, 84 N. W. 726, 727:

"Where several acts or conditions of things, one of them the wrongful act or omission of the defendant, produce the injury, and it would not have been produced but for such wrongful act or omission, such act or omission is the proximate cause of the injury, if it be one which might reasonably be anticipated as a natural consequence of the act or omission."

Unless it can be said as matter of law that consequences of the kind this case exhibits could not have been reasonably anticipated, there is a jury question. To me the facts do not permit that determinative negation.

Upon defendant rested the duty to exercise a degree of care commensurate with the circumstances and attendant danger. Relatively, that is but ordinary care. But absolutely, in the case of this high bridge, constructed according to standards of horse and buggy days, no one could properly criticize a jury for concluding that a high degree of care was required.